FILED
 2013 Jun-28  PM 01:15
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MAILSOUTH, INC. d/b/a MSPARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 2:13-cv-00645-JHE |
| | ) |
| RED RHINO MARKETING GROUP, | ) |
| LLC and MARKET FIRST, INC., | ) |
| | ) |
| Defendants. | ) |

**Magistrate Judge's Report and Recommendation**

This action is before the court on a motion for a default judgment, doc. 10, filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, by the plaintiff, MailSouth, Inc. d/b/a Mspark ("Mspark") against the defendants Red Rhino Marketing Group, LLC ("Red Rhino") and Market First, Inc. ("Market First") (collectively, "Defendants"). Based on the following, the undersigned recommends that the motion be granted.

**I.  Background**

Mspark filed this breach of contract action against Defendants on April 9, 2013. Doc. 1. Defendants were served with the summons and complaint on April 26, 2013. Docs. 6, 7. More than twenty-one days has elapsed since said service. On May 20, 2013, Mspark filed a motion for entry of default. Doc 8. On May 21, 2013, the clerk of this court entered a default against Defendants pursuant to Rule 55(a), Fed. R. Civ. P. Doc. 9. This court possesses subject-matter jurisdiction under 28 U.S.C. § 1332(a), as the complaint evidences that there is complete diversity of citizenship between the parties and that the amount in controversy is over $ 75,000, exclusive of interests and costs.

On or about July 1, 2011, Mspark and Defendants entered into an agreement whereby Mspark agreed to distribute Defendants' advertising pieces to customers. Doc. 10 at ¶ 1. The parties' agreement was memorialized by, among other things, an Advertising Agreement ("Agreement") and purchase orders issued by Defendants. *Id.* at ¶ 2. Defendants agreed to pay Mspark for its services in accordance with the rate schedule set forth in the Agreement and to "be liable for [Mspark's] reasonable attorney's fees in the event [Mspark] retain[s] an attorney to enforce [its] rights" under the Agreement. *Id.* at ¶¶ 3-4.

Between July and November 2012, Defendants issued Mspark thousands of individual purchase orders. *Id.* at ¶ 5. Mspark fulfilled each purchase order and generated corresponding invoices for payment, which were sent to Defendants. Defendants failed to pay Mspark for its services. *Id.* at ¶ 6. Specifically, Mspark performed services totaling $ 574,434.84, but Defendants only made payments totaling $ 147,814.06. *Id.* Defendants owe Mspark $ 426,620.78, exclusive of attorney's fees and cost of collection, for the services it performed pursuant to the Agreement. *Id.* at 7. Mspark seeks its attorney's fees and costs in the amount of $ 17,720.20, representing time spent meeting and corresponding with representatives of Mspark, reviewing and analyzing the applicable documents at issue, drafting a demand letter, negotiating and documenting a proposed settlement prior to commencement of this litigation, commencing and pursuing this litigation, drafting pleadings, and taking other actions to recover the indebtedness in this case. *Id.* at 13. An affidavit submitted by one of the attorneys for Mspark testified to the circumstances that support the reasonableness of the claimed attorney's fees and expenses. Doc. 10-2.

Nothing in the record refutes Mspark's claim of entitlement to the sums due under the Agreement or the reasonableness of its claim for attorney's fees.

## II. Recommendation

Based on the foregoing, it is hereby **RECOMMENDED** that Mspark's motion for a default judgment against Defendants, Doc. 10, be **GRANTED** and that a judgment be entered in the amount of **$ 444,341.28**, to include accrued interest, collection costs, and attorney's fees.

## III. Notice of Right to Object

Any party who wishes to objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district

judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk of the Court is **DIRECTED** to serve a copy of this report and recommendation upon counsel of record.

Done this 28th day of June 2013.

JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE